# Levy & Co. *v.* Moog.

*Application for Supersedeas of Execution on Forfeited Replevy Bond.*

1. *Contest of exemptions; when replevy bond executed, and property condemned, verdict should ascertain value of property replevied.*—The verdict of a jury, on the trial of a contest of a claim of exemption filed by defendant in attachment to personal property, on which the writ had been levied, under § 2838 of the Code, finding the property in the contest liable to sale under the attachment, and a judgment of condemnation rendered thereon, will not support an execution issued against the obligors on a forthcoming bond, which was executed on behalf of such defendant under the provisions of § 2836 of the Code, unless the value of the property, for the delivery of which the bond was executed, is by such verdict ascertained. And an execution issued on such bond, without the value of the property replevied having been thus first ascertained, should be quashed.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

This was a petition by A. & B. Moog against M. P. Levy & Co. for a *supersedeas*, seeking to quash an execution issued against the petitioners as sureties, and one Theodore Weis, as principal, on a forthcoming bond, which had been executed by them under the provisions of section 2836 of the Code, and which had been returned forfeited by the sheriff. The material facts are stated in the opinion. The *supersedeas* was issued,

[Levy & Co. v. Moog.]

and on the hearing the Circuit Court rendered judgment quashing the execution; and this judgment is here assigned as error.

OVERALL & BESTOR, for appellants.

MAGARTNEY & CLARKE and CHAS. J. TORREY, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—We think a proper construction of the statutes, bearing on this case, plainly authorized the action of the court in granting the petition for supersedeas, and in quashing the execution against the appellees.

The contest was originally one of exemption in an attachment suit instituted by the appellants, Levy & Co., against one Weis, who claimed as exempt from the process certain personal property upon which a levy had been made. The appellees, Moog, were sureties on the forthcoming replevin bond executed by Weis, the claimant, under the provisions of section 2836 of the Code. Upon the trial of the cause, the property in contest was found liable to sale under the process, and judgment was entered in favor of the plaintiffs in attachment condemning the property for sale, in accordance with section 2838 of the Code. The verdict of the jury failed, however, to ascertain the value of the property, for the delivery of which the bond was executed.

We think this was indispensable. The statute does not require it expressly, but it is demanded by clear implication. Section 2836 of the Code, having reference to exemption contests and the execution of the requisite bonds by the contestants, provides, that, after the delivery of the personal property to the party making the bond, "and, on the termination of the suit, the same proceedings shall be had as provided for in chapter 4, title 1, part 3, of this Code." This chapter, thus referred to, relates to proceedings in detinue, for the recovery of personal property in specie. In such cases "judgment against either party must be for the property sued for, or its alternate value, with damages for the detention to the time of trial." Code, § 2944.

The next section (§ 2945) proceeds to declare, that "if either of the parties who are unsuccessful in the suit, fail within thirty days after judgment to deliver the property to the sheriff, and return be made thereof by him of the fact, the bond in either case has the force and effect of a judgment, and execution may issue thereon against all the obligors, for the alternate judgment so rendered as aforesaid, and the damages and costs."

It is obvious that there must be some method by which to

[McCall v. McCurdy.]

*fix the amount* for which the execution in the forfeited bond is authorized to issue. In detinue cases, this is done by reference made to the alternate judgment of valuation. And while section 2838, authorizing judgment to be rendered condemning the property claimed as exempt, does not in so many words require the jury to fix the value of the property in their verdict, we think the reference made in section 2836 to proceedings in *detinue* suits is futile without such requirement.

The verdict of the jury should, therefore, have ascertained the value of the property claimed by Weis to. be exempt, and which was sought to be condemned. In the absence of such ascertainment, the execution could not be lawfully issued, and was properly quashed. A special statute was considered by the legislature to be necessary in order to remedy this defect in the case of forthcoming bonds, given in ordinary attachment suits. This was done by authorizing the sheriff, or other officer, to fix the value of the property replevied before the issue of execution on the forfeited bond.—Acts 1880-81, pp. 54–55. That act, however, has no application to this case.

The judgment of the Circuit Court is affirmed.